105  299|
112  645|
105  299|
117  672|
105  299
127  419
127  420
105  299|
133  179|
105  299
142  469

[No. 14497.   Department One.—December 31, 1894.]

# EDWARD H. PERRY ET AL., APPELLANTS, v. THOMAS M. QUACKENBUSH, RESPONDENT.

BUILDING CONTRACT—NONPERFORMANCE—CANCELLATION OF NOTE AND MORTGAGE.—The owner of a lot who has entered into a contract with a builder to construct a house upon the lot may, upon failure of the builder to construct the building in a good and workmanlike manner, and to furnish the quantity and quality of materials provided for in the contract, and to construct the building substantially according to the contract, maintain an action to have a note and mortgage upon the lot which were executed and delivered in consideration of the contract price for the building, delivered up and canceled.

ID.—FINDINGS—SUPPORT OF JUDGMENT.—Where the court found that the building had not been constructed according to the contract, and that it had not been accepted by the plaintiffs as performed, and further found that there was a difference of three hundred and fifty dollars in the value of the building as actually constructed, and as it should have been constructed under the agreement pursuant to the specifications, a judgment that three hundred and fifty dollars be deducted from the amount secured by the note and mortgage, and adjudging that the residue of the note and mortgage was valid, is not supported by the findings of fact, and the plaintiff is entitled to a judgment upon the findings canceling the note and mortgage.

ID.—FINDINGS—PROBATIVE FACTS—ULTIMATE FACTS.—It is the province of the trial court to find ultimate and not probative facts, and findings of probative facts will not, in general, control, limit, or modify the finding of the ultimate facts, or tend to establish that the ultimate fact was found against the evidence.

ID.—INTENTIONAL DEPARTURE FROM CONTRACT—ATTEMPTED FRAUD—SUBSTANTIAL PERFORMANCE.—Where the findings show an intentional departure of the builder from the contract, and indicate an attempted fraud on his part, there can be no substantial performance of the contract; nor does the finding that the difference between the value of the house as actually constructed and as it should have been constructed was only three hundred and fifty dollars tend to show that the contract had been substantially performed.

ID.—RIGHT OF OWNER TO STAND UPON CONTRACT.—The owner has a right to have built the structure contracted for, and to have his plans substantially embodied in the work, regardless of whether his caprices expressed in the contract would have added to the value of the structure or lessened its value.

ID.—SUBSTANTIAL PERFORMANCE—QUESTION OF FACT—FINDING.—In order that the contractor may recover the contract price less damages caused by the failure to perform the contract there must be a substantial performance of every material covenant in the contract, and the failure must not have resulted from design or bad faith, and whether these facts exist is a matter to be determined by the jury or the court sitting as a jury, and substantial performance must be found as a fact.

ID.—APPEAL—ORDER AFTER JUDGMENT STRIKING OUT COST BILL—JURIS-
DICTION—DISMISSAL.—An appeal from an order made after judgment
striking out a cost bill does not lie where the amount of the costs
claimed is less than three hundred dollars; and such an appeal must be
dismissed for want of jurisdiction.

APPEAL from a judgment of the Superior Court of
the city and county of San Francisco and from an
order made after judgment striking out a cost bill.

The facts are stated in the opinion.

*Sullivan & Sullivan*, for Appellants.

An ageement to erect a house in a specified manner
is an entire and indivisible contract, and is not com-
plied with, except by the construction of a building in
every essential particular in accordance with the plans
and specifications. (*Neville* v. *Frost*, 2 E. D. Smith, 63;
*Smith* v. *Brady*, 17 N. Y. 180; 72 Am. Dec. 442; *Tucker*
v. *Williams*, 2 Hilt. 563; *Pullman* v. *Corning*, 9 N. Y. 93;
*Hill* v. *School Dist.*, 17 Me. 322. See, also, *Feagan* v.
*Meredith*, 4 Mo. 514; *Miller* v. *Phillips*, 31 Pa. St. 218;
*Fauble* v. *Davis*, 48 Iowa, 462; *Denton* v. *Atchison*, 34
Kan. 438; *Feinberg* v. *Weiher*, 19 N. Y. Supp. 215;
*Taylor* v. *Beck*, 13 Ill. 376; *Marsh* v. *Richards*, 29 Mo.
99; *Smith* v. *Coe*, 2 Hilt. 365; *Ellis* v. *Hamlen*, 3 Taunt.
52; Addison on Contracts, 392.) The use or occupation
of the house by appellants is not a waiver of their right
to demand a compliance by respondent, in every essen-
tial particular, with the plans and specifications. (*Smith*
v. *Coe*, 2 Hilt. 369; *Smith* v. *Brady*, 17 N. Y. 173; 72
Am. Dec. 442.) The respondent's agreement to con-
struct and build a house in a good and workmanlike
manner, according to the plans and specifications agreed
upon by the parties, was the consideration for the note
and mortgage given by appellants to respondent. (Civ.
Code, sec. 1605; *Wilcox* v. *Lattin*, 93 Cal. 594.) The
failure of the respondent to construct and build the
house in a good and workmanlike manner, according
to the plans and specifications agreed upon by the par-

ties, was such a failure of consideration as to entitle the appellants to a rescission of their agreement. ( *Wilcox* v. *Lattin*, 93 Cal. 594; Civ. Code, sec. 1689; *Hallidie* v. *Sutter St. R. R. Co.*, 63 Cal. 577; *Brown* v. *Foster*, 113 Mass. 136; 18 Am. Rep. 463; *Loaiza* v. *Superior Court*, 85 Cal. 11; 20 Am. St. Rep. 197.) The appellants, having rescinded their contract and having offered to restore every thing of value received by them under the contract, are entitled to the aid of a court of competent jurisdiction in securing to them the results and fruits of the rescission. (*Loaiza* v. *Superior Court*, 85 Cal. 31; 20 Am. St. Rep. 197; Civ. Code, sec. 1689; *Campodonico* v. *Grossini*, 66 Cal. 358; *Domingo* v. *Getman*, 9 Cal. 98.)

*Pringle, Hayne & Boyd,* for Respondent.

The party who has the possession and enjoyment of the labor and materials of another must make compensation for what he has received, after full allowance has been made to him for any damage he may have sustained for the nonperformance of the contract in its entirety. (*Ligget* v. *Smith*, 3 Watts, 331; 27 Am. Dec. 358; *Haywood* v. *Leonard*, 7 Pick. 181; 19 Am. Dec. 268; *Britton* v. *Turner*, 6 N. H. 481; 26 Am. Dec. 713; *Crouch* v. *Gutmann*, 134 N. Y. 50; 30 Am. St. Rep. 608; *Nolan* v. *Whitney*, 88 N. Y. 648; *Phillip* v. *Gallant*, 62 N. Y. 256; *Volk* v. *McKenzie*, 16 N. Y. Supp. 741; *Flaherty* v. *Miner*, 123 N. Y. 385; *Woodward* v. *Fuller*, 80 N. Y. 313; *Gustaveson* v. *McGay*, 12 Daly, 426; *Anderson* v. *Meislahn*, 12 Daly, 158; *Morton* v. *Harrison*, 52 N. Y. Super. Ct. 320; *Yeats* v. *Ballentine*, 56 Mo. 533; *Rude* v. *Mitchell*, 97 Mo. 371; *Fleischmann* v. *Miller*, 38 Mo. App. 181; *Ætna Iron Works* v. *Kossuth Co.*, 79 Iowa, 43; *Harlan* v. *Stufflebeem*, 87 Cal. 508; *Griffith* v. *Happersberger*, 86 Cal. 613; *Katz* v. *Bedford*, 77 Cal. 321, 322; *Voorman* v. *Voight*, 46 Cal. 397; *Sticker* v. *Overpeck*, 127 Pa. St. 446; *White* v. *McLaren*, 151 Mass. 556; *Gleason* v. *Smith*, 9 Cush. 484; 57 Am. Dec. 62; *Moulton* v. *McOwen*, 103 Mass. 598; *Meincke* v. *Falk*, 61 Wis. 623; 50 Am. Rep.

157; *Gilman* v. *Hall*, 11 Vt. 511; 34 Am. Dec. 700; *Horn* v. *Batchelder*, 41 N. H. 89; *Phelps* v. *Beebe*, 71 Mich. 554; *Leeds* v. *Little*, 42 Minn. 414; *Kane* v. *Stone Co.*, 39 Ohio St. 10, 11.) The continuous use and occupation of the building by appellants would entitle the contractor to recover the actual value of the building, even if there had been no substantial performance. (*Pinches* v. *Swedish etc. Church*, 55 Conn. 187; *Hayward* v. *Leonard*, 7 Pick. 181; 19 Am. Dec. 268; *Hayden* v. *Madison*, 7 Greenl. 78; *Harris Co.* v. *Campbell*, 68 Tex. 22; 2 Am. St. Rep. 467; *Wildey* v. *Fractional School Dist.*, 25 Mich. 426; *Kelly & Bragg* v. *Bradford*, 33 Vt. 39; *Horn* v. *Batchelder*, 41 N. H. 90; *Neuman* v. *McGregor*, 5 Ohio, 349; 24 Am. Dec. 293.) The comparatively slight damage caused by the defects and variations from the specifications cannot possibly be said to be such a failure of consideration as entitles appellants to a rescission and cancellation of the note and mortgage. (Civ. Code, sec. 1691, subds. 2, 3407; *State* v. *McCauley*, 15 Cal. 458; *Fratt* v. *Fiske*, 17 Cal. 384; *Buckner* v. *Pacific etc. Ry. Co.*, 53 Ark. 16; 21 Am. & Eng. Ency. of Law, 84; 2 Parsons on Contracts, 679; 2 Kent's Commentaries, sec. 480; *Burge* v. *Cedar Rapids etc. R. R. Co.*, 32 Iowa, 101; *Whincup* v. *Hughes*, L. R. 6 C. P. 78; Bishop on Contracts, sec. 828; *Desha* v. *Robinson*, 17 Ark. 238; *Norton* v. *Jackson*, 5 Cal. 265; *Reese* v. *Gordon*, 19 Cal. 147; *Hodgdon* v. *Golder*, 75 Me. 293; *Wentworth* v. *Dows*, 117 Mass. 14; 2 Kent's Commentaries, *472–74; Edwards on Notes and Bills, 333.)

TEMPLE, C.—This is an appeal from the judgment and upon the judgment-roll.

The complaint shows that plaintiffs own a described tract of land; that on the 21st of January, 1887, they entered into a contract with the defendant, whereby defendant agreed, in consideration of the sum of three thousand dollars, to construct and build a house on said lot. As part of said contract plaintiffs executed and delivered to defendant their promissory note for the sum

of three thousand dollars, and a mortgage to secure the same on the described real estate. The note and mortgage are recited at length in the complaint.

Thereupon the defendant commenced the construction of the house, but in building the same did not furnish the quantity and quality of materials provided for in the contract.

That he did not construct said building in a good and workmanlike manner, and did not construct the building according to the contract, and has not performed his agreement.

Plaintiffs specify as defects: He agreed in the construction of the foundations to use good, hard brick and lay seven courses, and to construct twelve piers of brick laid in six courses. In violation of the agreement he used old, second-hand brick of poor quality, that had been used in other buildings, and laid the same in courses in five and six instead of seven, and constructed only six piers of brick of the same kind laid in three courses.

2. He agreed to use in the construction of the frame of said building the best kind of lumber; contrary to his agreement he used only second-class lumber and second-hand and refuse lumber that had been used in other buildings.

3. He agreed to use in the construction of the roof the best quality of shingles; contrary to his agreement he used second-hand lumber and second-class shingles.

4. He agreed to paint the building with two coats of metallic paint, but used no metallic paint at all, but cheap and inferior paint.

5. In divers other respects he disregarded and failed to carry out the agreement. That there is one thousand dollars difference in the value of the house as constructed and as called for under the agreement.

The answer denies all the allegations of the complaint in respect to the failure to perform the contract, and avers that the building was accepted by plaintiffs after a careful examination.

The action was brought to have the note and mortgage canceled. Upon the issues made by the pleading the court found: That the construction of the building was completed before the commencement of this action; that in constructing said building defendant did not furnish the quantity and quality of materials provided for in said contract; that defendant did not construct said building in a good and workmanlike manner; that defendant did not perform said contract nor construct said building according to said agreement. There are, then, findings specifying defects as in the complaint, and finding all in favor of plaintiffs as alleged, except that as to the roof it finds that the shingles were of the quality agreed upon; and as to the painting, that defendant did not agree to use metallic paint, but in painting the building he used cheap and inferior material, contrary to his agreement.

After these specific findings is the following finding: " That in divers other respects defendant disregarded his said specifications and failed to carry out his agreement."

It was then found that " there is three hundred and fifty dollars difference in value of said building as actually constructed and as it should have been constructed under said agreement pursuant to said specifications."

It was found that the note and mortgage if left outstanding may cause serious injury to plaintiffs. That the building was never accepted or received by the plaintiffs in full or part satisfaction of the contract, but plaintiffs took possession of the building under protest, and with notice to the defendant that they were dissatisfied with it, and would not accept it, and offered "to deliver up to defendant said building if defendant would cancel said note and mortgage."

As conclusion of law from these facts the court found that plaintiffs were entitled to judgment; that three hundred and fifty dollars be deducted from the amount secured by the note and mortgage, and that, as to the residue, the note and mortgage were adjudged valid.

A judgment was entered in accordance with the conclusion of law.

From this judgment plaintiffs have appealed, claiming that it is not supported by the findings of fact.

This contention must be sustained. The issues were whether the building had been constructed according to contract, and, if it had not been so constructed, whether it had been accepted by the plaintiffs as performed. On both these issues the court found for the plaintiffs.

Respondent contends that what he calls the old rule upon the subject of performance has been relaxed, and now a more liberal rule, which only requires a substantial performance instead of a literal compliance with all the provisions of the contract, prevails. But, conceding this, the rule still is that the contract must be substantially performed.

The court here did not find that what was done, though not a literal compliance, amounted to a substantial performance, or that the failure was only in trivial matters. Upon every material issue the facts are found for the plaintiffs, and unless their complaint was demurrable, which is not claimed, they are entitled to the judgment demanded.

Respondent's counsel claims that the ultimate fact found of nonperformance is a conclusion from the probative facts found, and that the finding of probative facts being more specific must control. This point cannot be maintained, for several reasons:

1. Findings of probative facts will not, in general, control, limit, or modify the finding of the ultimate fact. The province of the trial court is to find the ultimate facts, and not probative facts. If, from a consideration of the probative facts, this court should determine that they did not justify the finding of the ultimate fact it would determine that the evidence was insufficient to justify the decision. This, it has been repeatedly held, cannot be done in this mode.

In *Smith* v. *Acker*, 52 Cal. 217, the court said: " It has been held that where facts are found from which

the existence of the ultimate fact must be conclusively inferred the finding is sufficient as a finding of the ultimate fact. But, when the ultimate fact *is found,* no finding of probative facts, which may tend to establish that the ultimate fact was found against the evidence, can overcome the principal finding." And it is said: " This point could only have been made on motion for a new trial, or on appeal on a statement or bill of exceptions specifically pointing out the deficiencies in the evidence." In other words the opposing party must be allowed to show what the evidence was, and is not concluded by the finding of probative facts.

This decision was expressly affirmed by this court in *Gill* v. *Driver,* 90 Cal. 72. See, also, *Pico* v. *Cuyas,* 47 Cal. 174; *Barrante* v. *Garratt,* 50 Cal. 112; *Jones* v. *Clark,* 42 Cal. 180; *Mathews* v. *Kinsell,* 41 Cal. 512; *Downing* v. *Graves,* 55 Cal. 544.

2. The probative facts found are not inconsistent with the ultimate fact found; on the contrary, they tend to support it.

It is found, for instance, that defendant did not furnish the quantity or quality of materials called for, and did not construct the building in a good and workmanlike manner. That the foundation was not as large as contracted for, and instead of good hard brick he used old, second-hand brick of poor quality. The piers were only one-fourth part as large as called for, and of inferior old brick, and only half as many of them.

There was no first-class lumber in the framework, and some of it was old refuse lumber from other buildings. The paint used was inferior to that called for in the agreement. And then, to prevent the conclusion that the ultimate fact of nonperformance was a deduction from the specific facts stated, it is added that in divers other respects the contract had not been performed.

3. If there were no other findings save the specific findings I think it a case where the ultimate fact that the contract has not been substantially performed would

be necessarily inferred. The findings may be, in fact, unjust to defendant, but we cannot go behind them; if true, they show an intentional departure from the contract—in fact, an attempted fraud.

Under such circumstances the court would not have been justified in finding that there had been a substantial performance.

Nor does the finding that the difference between the value of the house as actually constructed and as it should have been was only three hundred and fifty dollars tend to show that the contract had been substantially performed. That might have been true, though the structure were totally unlike the house contracted for. The owner has a right to have built the structure he contracted for, and not another. Even his caprices, if expressed in the contract, must be complied with, even though they would not have added to the value of the structure, or may have lessened its value. It is only when this plan has been substantially embodied in the work that the court can have an occasion to estimate the deficiencies.

The authorities are very clear upon this point. There are a variety of cases to which the so-called modern equitable rule had been applied.

One is where the contractor fails to complete the structure. In such case it is said, if the contractor has done or furnished any thing of which the owner avails himself, such owner may be made to pay the value of it after deducting all damages resulting from the failure of the contractor. In such case it has been sometimes said that it does not matter why the contractor failed to perform.

Another case is where there is a defect which can be remedied. Here the contractor may recover the contract price, less damages caused by the failure, including cost of supplying the deficiency.

Another case is where the contractor has endeavored in good faith to perform his contract, and has substan-

tially performed, but there are some unimportant defects arising through accident or inadvertence.

Here the defects not being such as defeat or materially change the design embodied in the contract, the contractor may recover, less damages occasioned by the failure.

In such case there must be a substantial performance of every material covenant in the contract, and the failure must not have resulted from design or bad faith, and whether these facts exist is a matter to be determined by the jury or the court sitting as a jury. Substantial performance must be found.

The rule is laid down in *Kelly* v. *Bradford,* 33 Vt. 35. The court says: "The party must have intended in good faith to comply with the terms of the contract. The spirit of the contract must be faithfully observed though the very letter of it fail. Hence a voluntary abandonment of the agreement or a willful departure from its stipulations are not allowed. Still, if the contract is substantially kept, a failure in minor particulars—though plainly ascertainable and patent to observation if consistent with good faith, if not wanton or willful—will not prevent a recovery upon the *quantum meruit.*"

In *Hayward* v. *Leonard,* 7 Pick. 181, 19 Am. Dec. 268, it is said: "When we speak of the law allowing the party to recover on a *quantum meruit* or *quantum valebant,* where there is a special contract, we mean to confine ourselves to cases in which there is an honest intention to go by the contract and a substantive execution of it."

In *Elliott* v. *Caldwell,* 43 Minn. 357, it is said: "The omissions and deviations were not slight and easily remedied, but substantial and remediless, except by tearing down and rebuilding the structure. Neither were they the result of mistake or oversight, but intentional and even fraudulent. And we may remark here, in passing, that the very nature of the deviations as in using inferior and defective material all through the

building is intrinsic evidence strongly supporting the finding that defendant acted fraudulently. No case, we think, can be found where the doctrine of substantial performance was applied to such a state of facts. To justify a recovery upon the contract as substantially performed, the omissions or deviations must be the result of a mistake or inadvertence, and not intentional, much less fraudulent; and they must be slight or susceptible of remedy, so that an allowance out of the contract price will give the other party substantially what he contracted for. They must not be substantial and running through the whole work, so as to be remediless, and defeat the object of having the work done in a particular manner. And these are questions of fact for the jury or trial court."

In *Crouch* v. *Gutmann*, 134 N. Y. 45, 30 Am. St. Rep. 608, the rule is stated in these words: " Since the rule of exact or literal performance has been relaxed and recovery may be founded upon substantial performance, that term, in its practical application to building contracts, has perhaps necessarily become somewhat indefinite otherwise than that the builder must have in good faith intended to comply with the contract, and shall substantially have done so in the sense that the defects are not pervasive, do not constitute a deviation from the general plan contemplated for the work, and are not so essential that the object of the parties in making the contract and its purpose cannot, without difficulty, be accomplished by remedying them."

There is no necessity for multiplying citations upon this point. So far as I have extended my investigations there is no conflict in the cases.

Since the rule as to what shall constitute performance has become so indefinite, it is an important consideration, in determining whether there has been a substantial performance, that the deviations are so slight that they might have been made by one who was honestly endeavoring to comply with his contract.

Good faith, however, on the part of the contractor is

not enough. The owner has a right to a structure in all essential particulars such as he has contracted for, and to authorize a court or jury to find that there has been a substantial performance it must be found that he has such a structure. The court cannot say that any thing is immaterial which the parties have made material by their contract. One has the right to determine for himself what he deems a good foundation or what materials he desires to be used, and if he contracts for them neither the contractor nor the court has the right to compel him to accept something else which may be shown by the witnesses to be just as good or even better. No precise rule can or ought to be laid down upon this subject, but whenever such a case arises courts and juries should see to it that the design of the owner shall not be defeated in any important respect.

I think the judgment should be modified by giving plaintiffs a decree in accordance with the prayer of the complaint. '

There is another appeal contained in the same transcript, an appeal from an order made after judgment striking out plaintiffs' cost bill. The amount of the costs claimed was less than three hundred dollars; this court, therefore, has no jurisdiction to hear the appeal. (*Fairbanks* v. *Lampkin*, 99 Cal. 429.)

BELCHER, C., and SEARLS, C., concurred.

For the reasons given in the foregoing opinion the judgment is modified, by giving plaintiffs a decree in accordance with the prayer of the complaint, and that the appeal from the order made after judgment striking out plaintiffs' cost bill be dismissed. '

GAROUTTE, J., HARRISON, J., VAN FLEET, J.

Hearing in Bank denied.

BEATTY, C. J., dissented from the order denying a hearing in Bank.