(112 App. Div. 358)

ROWE v. GERRY et al.

(Supreme Court, Appellate Division, Second Department. April 20, 1906.)

CONTRACTS—BUILDING CONTRACTS—SUBSTANTIAL PERFORMANCE—ACTIONS—IS-
SUES AND PROOF.

> Where, in an action on a building contract, plaintiff alleged perform-
ance, it was not essential to sustain such complaint that plaintiff prove
more than a substantial performance.

> [Ed. Note.—For cases in point, see vol. 11, Cent. Dig. Contracts, §§
1353, 1750.]

Appeal from Special Term, Westchester County.

Action by Edward Rowe against Isabel H. Gerry and others. From
judgment for plaintiff, defendant Gerry appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS,
HOOKER, and GAYNOR, JJ.

Henry G. K. Heath, for appellant.

J. Mortimer Bell, for respondent.

PER CURIAM. This case has been here twice on appeal from judg-
ments for the plaintiff. 86 App. Div. 349, 83 N. Y. Supp. 740; 109
App. Div. 153, 95 N. Y. Supp. 857. The complaint was to recover
the final balance due on a building contract; i. e., it was for perform-
ance of the contract. The first judgment was reversed, for the reason
that performance was not shown by the plaintiff, but nonperformance,
and excuse therefor, whereas a recovery could be had under the com-
plaint only for performance. The second judgment was affirmed, be-
cause substantial performance, which is performance, was shown and
found by the trial court. A reargument was ordered. The learned
counsel for the appellant understands that the second judgment sl ⌐ ⋅ d
have been reversed, because it was for substantial performance, which
he understands from our two former opinions to be not performance,
but nonperformance. We do not wish to leave any such impression
as that. There is a wide difference. Substantial performance is per-
formance, and entitles the plaintiff to recover under a complaint for per-
formance; and especially is that so under building contracts, where
some of the infinite details may be easily overlooked. Glacius v. Black,
50 N. Y. 145, 10 Am. Rep. 449; Spence v. Ham, 163 N. Y. 220, 57 N.
E. 412, 51 L. R. A. 238. It may well even happen that the plaintiff
may not know of existing omissions when he draws his complaint
for performance. When such omissions are proved by the defendant,
the plaintiff may recover on his complaint for performance, if they
be unsubstantial, and not willful, but the cost of supplying them has to
be deducted.

The judgment is affirmed.