## William L. Oakes, impleaded, etc., v. William E. Barbre et al.

1. PLEA TO JURISDICTION—*when error with respect to ruling upon, waived.* By pleading to the merits, an error of the court in adjudging a plea to the jurisdiction of the court insufficient, is waived.

2. CONTRACT—*what sufficient performance.* In some classes of contracts strict performance is not required, substantial performance being sufficient.

Action of assumpsit. Appeal from the Circuit Court of Christian County; the Hon. SAMUEL L. DWIGHT, Judge, presiding. Heard in this court at the November term, 1905. Reversed and remanded. Opinion filed June 8, 1906.

JAMES M. TAYLOR & LESLIE J. TAYLOR, for appellant.

HOGAN & WALLACE, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

This is a suit in assumpsit in the Circuit Court of Christian County by appellees against appellant and John H. Oakes to recover the contract price for a monument.

By the terms of the contract, William E. Barbre and W. H. Hilton, doing business under the name of the Taylorville Granite Works, agreed to construct and erect in Greenwood Cemetery at Decatur, Illinois, one light, fine grained gray granite monument, four granite posts, and four granite markers of certain designated designs and dimensions, and William L. and John H. Oakes agreed to pay therefor upon full completion of the contract the sum of $650. The contract contains a provision, as follows: "Monument to be erected in the Greenwood Cemetery, Decatur, Ill., subject to inspection of purchaser and if not first class in every particular, purchaser need not receive it, until made so at the expense of the builder."

The contract was assigned by the Taylorville Granite Works to the First National Bank, and suit was originally instituted thereon by said bank against William L. and John H. Oakes, William E. Barbre and W. H. Hilton.

Subsequently the suit was dismissed as to Barbre and Hilton, and by amendment they were named as plaintiffs, suing for the use of the First National Bank. Appellant pleaded the general issue and two special pleas, one of failure of consideration and one of partial failure of consideration. Thereafter, appellees filed an additional special count declaring upon the contract, and appellant by leave of court withdrew his pleas and pleaded to the jurisdiction, alleging that he was a resident of Macon county and not of Christian county, and that he was not served with process in Christian county, but was served in Macon county. The court held the plea to the jurisdiction to be insufficient, and appellant by leave of court refiled the same pleas which he had theretofore withdrawn, and the cause proceeded to trial before the court without a jury, resulting in a finding and judgment against appellant for $661.44.

It is first insisted that the court erred in holding appellant's plea to the jurisdiction to be insufficient. Appellant having appeared generally and defended the action upon the merits waived the error, if any, in the ruling of the court on the plea to the jurisdiction, and the question is not before this court for review. Hercules Iron Works v. E., J. & E. Ry. Co., 141 Ill. 491; Eddleman v. Union County Trac. Co., 217 Ill. 409.

It is earnestly urged by appellant that the finding of the court that the monument, as erected, complies with the contract, is first class in every particular, and that appellees are entitled to be paid the full contract price therefor, with interest, is against the manifest weight of the evidence.

The evidence discloses that the monument in question consists of five granite pieces, viz: the first base, second base, third base, die and cap; that the first base is rock-faced work, except the wash, which is fine hammered, and rests upon a concrete foundation; that the second base, somewhat smaller than the first, and which rests upon the first, is rock-faced work, except the wash and a small margin, which are fine hammered; that the third base, which rests upon the

second, is all fine hammered; that the die which rests upon the third base is fine hammered, except a narrow margin at the top and bottom, which is rock-faced; that the cap, which rests upon the die, is all fine hammered.

There is a serious conflict in the evidence upon the question whether or not the granite in the monument complies with the specifications in the matter of color. It is conceded by appellees that the several pieces are not all the same shade of light gray, but it is insisted that the monument as a whole is light gray in color and that the variations in shade are so slight as not to be noticeable, except by an expert in granite work.

While the evidence tends to show that the same block of granite often presents different shades depending upon whether it is polished, hammered or rock-faced, and that some of the difference in shade of color of the monument in question is due to the character of the work, still several non-expert witnesses testify to an apparent distinct difference in shade between some of the granite pieces, and that the die is very perceptibly darker than the cap or either of the bases.

It is uncontroverted that upon one side of the second base there are twelve drill marks; that one corner of the cap has been dressed down to smooth over a break or chip in the granite; that the cap is not square; and that upon one side the cap is out of plumb with the third base. The evidence tends to show that the drill marks in the second base are a blemish; that they were only allowed to remain because the granite block was not sufficiently large to permit "pitching" them out; that drill marks are occasionally found near the ground on the first base of monuments, but are never permitted to appear above the first base.

Persons contracting for the construction and erection of monuments to perpetuate the memory and mark the resting place of their dead are entitled to insist upon a strict compliance with the specifications as to design and character of workmanship. Unlike contracts for the construction of buildings, we are of opinion the rule of substantial compliance is not applicable to them.

However, in the contract in the case at bar there is no room for the application of the doctrine of substantial compliance. The contract specifically provides that the monument shall be subject to the inspection of appellant and John H. Oakes and if it is not first class in every particular they need not receive it, that is, accept it, make payment for it, until made first class at the expense of the Taylorville Granite Works.

The case seems to have been disposed of in the Circuit Court upon the theory that if the contract had been substantially complied with, appellees were entitled to recover the full contract price. This is not the doctrine of substantial compliance even as applied to building contracts. It has never been held that proof of substantial compliance with the terms of a building contract authorized a recovery of the full contract price.

In cases involving such contracts the rule requiring a strict compliance with the terms of a contract before suit could be brought thereon has been relaxed, so as to permit a party to maintain a suit on the contract upon proof of substantial compliance with its terms, and to recover the contract price less the amount by way of damages requisite to indemnify the owner for the expense of conforming the work to the contract. Palmer v. Meriden Britannia Co., 188 Ill. 508; Foster v. McKeown, 192 Ill. 339; Evans v. Howell, 211 Ill. 85.

In this case the contract required the builders to make the monument conform to the contract at their expense, and appellant is under no obligation to accept the monument until that provision of the contract is complied with. There is no evidence in the record justifying a finding that appellant has waived a compliance with the provisions of the contract.

The second and third propositions submitted to the court to be held as the law of the case state the law applicable to the case with substantial accuracy, and the court erred in refusing the same.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*