[Civ. No. 3295.   Second Appellate District, Division One.—July 9, 1920.]

JOSEPH MUSTO SONS–KEENAN COMPANY (a Corporation), Respondent, v. PACIFIC STATES CORPORATION (a Corporation), Appellant.

[1] Building Contracts—Substantial Performance — Recovery by Contractor—Recoupment by Owner.—A substantial performance of all the essential parts of a building contract, had in good faith, will entitle the contractor to recover the contract price, less compensation to the owner by way of recoupment for any damage resulting from trivial defects and imperfections due to inadvertence and not affecting substantive parts of the work, and this is especially true where the owner has received the benefit of what has been done and is enjoying the fruits of the work.

[2] Id.—Probative Findings of Substantial Performance—Proof of Full Performance.—Where probative findings, made in an action to foreclose a mechanic's lien for material furnished and labor performed under and pursuant to a written contract, show a substantial performance, had in good faith, they are not incon-

sistent with but are in full accord with and support an allegation and finding of full performance.

[3] ID.—Inconsistency Between Probative and Ultimate Findings —Construction of.—In such action, even though the probative findings of substantial performance were inconsistent with the ultimate finding of completion in accordance with the contract, the latter would control.

[4] ID.—Substantial Performance—Question of Fact—Evidence.— The question as to what constitutes substantial performance of a building contract is one to be determined in each case, having regard to the circumstances and facts thereof; and in this action to foreclose a mechanic's lien for material furnished and labor performed pursuant to the terms of written contract, the evidence was sufficient to sustain the probative findings of a substantial performance of the contract, had in good faith.

[5] ID.—Accusation of Wrong Acts — Evidence. — In an action to foreclose a mechanic's lien, in which the defendant cross-complained for damages, the fact that one of plaintiff's employees was charged with pouring grinding compound into the urinals and slop-hoppers, which caused a stoppage of the plumbing, necessitating repairs which cost defendant a stated sum of money, constitutes no evidence in support of an allegation that plaintiff committed such act.

[6] ID. — Substantial Performance — Recoupment for Defects — Measure of Damages.—Where the contractor in doing the work acts in good faith and performs it substantially in conformity to the plans and specifications, but there are some defects and imperfections by reason of which the value of the work is diminished, the owner is entitled to be recouped therefor by an allowance of damages, but he is not entitled to be compensated in damages for the removal and reconstruction of the work.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles Wellborn, Judge. Affirmed.

The facts are stated in the opinion of the court.

C. W. Pendleton and Anderson & Anderson for Appellant.

Glen Behymer and Behymer & Craig for Respondent.

. SHAW, J.—In this action plaintiff sought a decree foreclosing a mechanic's lien for material furnished and labor

---

6.   Measure of damages for defective work under a building contract, note, **Ann. Cas.** 1913B, 781.

performed under and pursuant to a contract made with defendant Pacific States Corporation as owner of a structure known and designated as the Merritt Building.

Judgment went for plaintiff, from which the defendant Pacific States Corporation appeals.

As appears from the contract attached to and made a part of the complaint and upon which the claim of lien is based, plaintiff, for the consideration therein specified, undertook and agreed to furnish the material, fabricate and install in accordance with the specifications therefor the marble work required in the construction of the building, including such extra material and work which the owner, as provided, might demand; and for all of which said defendant agreed to pay in part as the work progressed, and the balance, twenty-five per cent of the agreed price, at the expiration of thirty-five days after the final completion and acceptance of the work.

The work performed under the contract comprised various kinds, some of which was to be paid for upon a basis of cost of material and work of installation, plus a percentage; while other parts thereof were to be done at a fixed price specified in the contract. As alleged by plaintiff and in express terms found by the court, it furnished and installed all the materials called for under the terms of the contract and performed all labor necessary in the installation thereof, all in accordance with and as required by said contract. As alleged, the total price of the work described in the first count of the complaint was the sum of $46,146.40, upon which said defendant paid the sum of $28,123.36; leaving a balance, after allowing defendant certain discounts of $24.77, of $17,998.27 unpaid, and for which judgment was asked. While in its answer defendant denied that the work was done in conformity with the terms of the contract and raised issues as to the amount of the work done in each of the several classes of work specified therein, defendant's chief contention, which is really the only one seriously urged on appeal, is that each of three classes of the work admittedly done and which comprised nearly the whole of the work called for by the contract, namely: The installation of Colorado Yule wainscoting, the tile floors, and Verde Antique bases were not only imperfect and defective as to material used, in that it was cracked, chipped, broken, and

discolored, but also the work of installing the same was not in conformity to the contract in that for various reasons it was done in an unworkmanlike manner.   As to all of such issues the court found adversely to defendant, and, in addition to the finding that plaintiff, as required by the terms of said contract and in conformity therewith, furnished the materials for and performed the necessary labor in installing the same, further found specially upon said several issues as follows: (1) "that said floor tile and border was installed in such a manner as to substantially conform to each and every of the requirements of the contract, plans, and specifications agreed upon between the Pacific States Corporation and the plaintiff and the orders and modifications supplementary thereto; that there were some minor or trivial defects in the labor of installing the same whereby a small portion of said floor tile and border was either chipped, cracked, slightly broken, or otherwise installed in an imperfect manner; that said defects were not pervasive and did not occur through any bad faith on the part of the contractor and said defects do not defeat or materially change the object of the contract between said parties, and that said contractor exercised good faith in the execution of said work and endeavored at all times to comply with the requirements of his contract in that regard; that there was no willful departure by said contractor from the provisions of the contract, plans, and specifications agreed upon between the said contractor and the said Pacific States Corporation, and the said orders and modifications supplementary thereto, and that there was no omission of any of the essential or material parts required to be done and performed by said contract in regard to said floor and border, and that the said contractor has in good faith performed all of the substantive terms of the agreement existing between the said Pacific States Corporation and said contractor in reference to said floor tile and border; that in discharging its contract relative to the same, plaintiff used exactly the kind and character of materials which were required by the specifications and employed the best labor; and that the imperfections in the said work performed are trivial and can be compensated for by a recoupment for damages; and that the defects in the workmanship of the installation of said floor tile and border arose through accident and inadver-

tence, and are not such as to defeat or materially change the design embodied in the agreement between the said parties in reference to the said floor tile and border; that the damage sustained by the defendant Pacific States Corporation by reason of the aforementioned defects is the sum of $231.33.''   (2) ''That said Verde Antique marble base and all thereof was installed in such a manner as to substantially conform to each and every requirement of the contract, plans, and specifications agreed upon between the Pacific States Corporation and the plaintiff herein, and the orders and modifications supplementary thereto; that there were some minor defects in the fabrication and installation thereof whereby a portion of the Verde Antique marble base did not possess as high a polish as required by the agreements aforementioned or was scratched or otherwise imperfect; that said defects were not pervasive and did not occur through any bad faith on the part of the contractor, but that said contractor exercised good faith and endeavored at all times to comply with the requirements of its contract in this regard; that there was no willful departure by said contractor from the provisions of the contract, plans, and specifications relative to said Verde Antique. marble base as agreed upon between the said contractor and the said Pacific States Corporation and the orders and modifications supplementary thereto and no omission of any of the material or essential parts required to be done and performed by said contract in regard to said Verde Antique marble base; and the said contractor has in good faith performed all the substantive terms of the agreement existing between said Pacific States Corporation and the said contractor in reference to the said Verde Antique marble base; that in discharging its contract relative to the same plaintiff used exactly the kind and character of materials which were required by the specifications and employed the best labor, and that the imperfections in the work performed are trivial and can be compensated for by recoupment for damages, the defects in the workmanship and fabrication of said Verde Antique marble base arising through accident or inadvertence and not being such as to defeat or materially change the design embodied in the agreement between the said parties''; and that the damages sustained by defendant due to said defects is the sum of $102.   (3) ''That said Colorado Yule marble

wainscoting was installed in such a manner as to substantially conform to each and every of the requirements of the contract, plans, and specifications agreed upon between the Pacific States Corporation and the plaintiff and the orders and modifications supplementary thereto; that there were some minor or trivial defects in the labor of installing the same whereby a small portion of said Colorado Yule wainscoting was either chipped, cracked, slightly broken, or otherwise installed in an imperfect manner; that said defects were not pervasive and did not occur through any bad faith on the part of the contractor and said defects do not defeat or materially change the object of the contract between said contractor and said owner relative to said marble wainscoting, but the said contractor exercised good faith in the execution of said work and endeavored at all times to comply with the requirements of his contract in that regard; that there was no willful departure by said contractor from the provisions of the contract, plans, and specifications agreed upon between the said contractor and the said Pacific States Corporation, and the orders and modifications aforementioned supplementary thereto; and that there was no omission of any of the material or essential parts required to be done and performed by said contract in regard to said marble wainscoting; and that the said contractor has in good faith performed all of the substantive terms of the agreement existing between said Pacific States Corporation and said contractor in reference to said marble wainscoting; that in discharging its contract relative to the same, plaintiff used exactly the kind and character of materials which were required by the specifications and employed the best labor, and that the imperfections in the work performed and imperfections in workmanship are of a minor character and can be compensated for by recoupment for damages, the defects in the workmanship of the installation of said marble wainscoting arising through accident or inadvertence and not being such as to defeat or materially change the design embodied in the agreement between the said parties"; and that the damages sustained by defendant as a result of such defects is the sum of $226.28.

Appellant's first contention is that the findings which we have numbered 1, 2, and 3, since they show a substantial performance of the contract only, are inconsistent not alone

with full performance as alleged in the contract, but likewise inconsistent with the ultimate finding that the work was done in accordance with the terms of the contract, and hence it contends the judgment should be reversed. There is no merit in this point. **[1]** As to such character of contracts the law is well settled that a substantial performance of all the essential parts thereof, had in good faith, will entitle the contractor to recover the contract price, less compensation to the owner by way of recoupment for any damage resulting from trivial defects and imperfections due to inadvertence and not affecting substantive parts of the contract. This is especially true where, as in this case, the owner has received the benefit of what has been done and is enjoying the fruits of the work. (*Connell* v. *Higgins,* 170 Cal. 556, [150 Pac. 769] ; *Rischard* v. *Miller,* 182 Cal. 351, [188 Pac. 50] ; *Collins* v. *Ramish,* 182 Cal. 360, [188 Pac. 550] ; *Morris* v. *Hokosona,* 26 Colo. App. 251, [143 Pac. 826] ; *Omaha Water Co.* v. *City of Omaha,* 156 Fed. 922, [85 C. C. A. 54].) **[2]** Since a substantial performance is performance (*Rowe* v. *Gerry,* 112 App. Div. 358, [98 N. Y. Supp. 380]), and all that is required to sustain an allegation of performance, and since the probative findings referred to show such performance, it follows that instead of being inconsistent with the allegation of full performance, the findings to that effect are in full accord with and support the same. **[3]** Even though the probative findings were inconsistent with the ultimate finding of completion in accordance with the contract, the latter would control. (*Perry* v. *Quackenbush,* 105 Cal. 299, [38 Pac. 740].)

Appellant's chief contention is that the finding to the effect that plaintiff furnished the materials and performed all labor necessary in the installation thereof in accordance with and as required by the contract is not supported by the evidence. **[4]** The question as to what constitutes substantial performance is one to be determined in each case, having regard to the circumstances and facts thereof. (*Collins* v. *Ramish, supra.*) In the instant case, the building comprises several stories, each of which required tile flooring, marble base, and marble wainscoting. The aggregate of floor tiling was some 35,563 square feet, the contract price of which was $15,422; the marble base installed consisted of 7,312 linear feet, the contract price of which was $7,308;

the marble wainscoting comprised 10,935 square feet, the contract price of which was $7,442; making a total for the work installed, if done in strict accordance with the specifications, of upward of $30,000.  The installation of the work required the handling, setting, and joining of many thousands of pieces of material and, as appears from the evidence, it would be impracticable, in view of the fact that the quality of the material was soft, spongy, and easily nicked, to secure a completed job of work where every piece would be absolutely perfect and as laid the width of every joint would be uniform when measured by a hair's breadth. That the arris or edge of some of the pieces where joined was snipped or nicked; that an uncleaned oil spot appeared on some pieces, or another was soiled; that the work was not all properly cleaned and washed down; that one piece did not take as high a polish as another, or did not exactly match it, and other alleged like defects, for all of which the court found that defendant was damaged in the total sum of $469, did not, in our opinion, affect plaintiff's right to recover.  Not only, as found by the court, were such imperfections not pervasive, but where such defects existed in the tiling, pieces of wainscoting, or base and were so defective as to warrant so doing, they could be removed and new pieces substituted therefor, and where a piece was oil-stained or soiled, it could be cleaned, and the allowance made by the court presumably covered the cost of such work.  The performance of the work covered many months, during which time a representative of the architect was on the ground and a superintendent was employed by defendant, whose duty it was to supervise the work as it progressed and call plaintiff's attention to work which was not done to their satisfaction.  Notwithstanding this fact, few complaints were made by either the architect or superintendent, and where made, the pieces were taken out and others substituted therefor.  Not only this, but during the progress of the work the president of defendant repeatedly expressed himself as being well satisfied therewith, and commended plaintiff for the character of work being done.

In our opinion, the question as to whether the contract was substantially performed should be determined upon a view of each class of work considered as a whole; and so considered it appears each class of work was done in strict

accordance with the design therefor and the material used was that called for in the specifications, and, save and except imperfections existing but not pervasive for which recoupment was allowed to defendant, it as completed constituted a substantial performance of the contract. In such a controversy witnesses will differ in taste as to whether one piece of marble matches another, or whether the joints between the pieces are too wide or too narrow, according to their respective tastes and opinions. However this may be, and conceding a conflict of testimony upon the question, it appears from evidence produced on the part of plaintiff that the work as completed was first class in every particular. As one witness said: "It is not possible, consistent with first-class workmanship in every respect, to avoid on occasion having a slight nick or broken edge in some of the slabs. We polished the slabs of wainscoting . . . to the point where the slabs had as high a polish as it is possible for them to receive, and we polished the Verde Antique base to the highest degree that that kind of marble could be polished. . . . There are no more flaws or defects in the job on the Merritt Building than there are in any first-class job." Another witness testified: "The workmanship and material throughout the Merritt Building, in so far as it related to the marble installed by the plaintiff, was without exception absolutely first class. . . . I found it to be absolutely in a first-class condition in every respect of material and workmanship." Other witnesses testified that at numerous times Mr. Merritt, president of defendant, expressed himself as well satisfied with the quality of material and workmanship in the installation of the marble. Other witnesses, called as experts, gave like testimony to the effect that the installation of the work as completed, both as to material and workmanship, was first class and could not be better. This testimony, and a great deal more to like effect which fills the voluminous record and which might be quoted, is sufficient, notwithstanding evidence to the contrary, to show that the work as completed and taken as a whole was a first-class job of work, and done in substantial conformity to the specifications, even though it be conceded that some of the pieces of marble might not be in accordance with individual tastes, that some of the pieces of tiling were not so closely joined as to accord with individual ideas as to work-

manship, or that, in some cases, small snips and nicks appeared in the edges of pieces of tile or marble. Appellant cites the case of *Oakes* v. *Barbre*, 127 Ill. App. 208, where the work done was the construction of a monument to perpetuate the memory and mark the resting place of the dead, and, claiming that the Merritt Building was intended to be a work of art, insists that the rule applied to the construction of such monuments should be applied in this instance. In the case referred to, however, the court draws a distinction when it says: "Unlike contracts for the construction of buildings, we are of the opinion the rule of substantial performance is not applicable" to such monuments. We perceive no reason why a different rule should apply to contracts for work upon the Merritt Building than that applicable to other buildings of like character. Appellant also cites the case of *Perry* v. *Quackenbush*, 105 Cal. 299, [38 Pac. 740], where it is said: "The court cannot say that anything is immaterial which the parties have made material by their contract." What was there said had reference to the facts of that case, from a reading of which it appears that the contractor willfully deviated from the specifications in that he used material entirely different from that called for and, as constructed, the building did not purport to even represent an effort on the part of the contractor, either in material or workmanship, to comply with the contract. In our opinion, the evidence is ample to sustain the findings of probative facts hereinbefore quoted, and since the facts so found show a substantial compliance with the terms of the contract, it follows that no just ground of complaint exists as to the ultimate fact found that plaintiff furnished materials and installed the marble in accordance with the contract.

[5] Appellant directs our attention to a number of alleged minor errors the nature of which is such as to merit little notice. Among these are the following: Defendant alleged that it was damaged by reason of the fact that plaintiff poured grinding compound into the urinals and slophoppers, which caused a stoppage of the plumbing, necessitating repairs which cost $250, as to which the court found adversely to the defendant. Appellant's contention that the court should have found in its favor upon this issue is based upon the testimony of defendant's superintendent,

which it quotes in its brief and which it claims was not contradicted by any evidence offered by plaintiff. The testimony of this witness, however, appearing later to be hearsay, was, as such, ordered stricken out by the court. The fact that one of plaintiff's employees was charged with the act constituted no evidence in support of the allegation.

Defendant also complains of a ruling of the court in sustaining an objection to the question as to whether or not the condition of the tile floors, due to the joints being of varying widths, would affect the expense of the upkeep of the building. Conceding such fact, if it existed, to be an element of damage, it must be deemed to have been covered by the allowance of damage made therefor by the court; and this answer is likewise a sufficient response to the contention that defendant should have been permitted to prove the difference in the cost of a cement floor and a Colorado Yule tile floor, since even conceding that a cement floor would be as serviceable as a tile floor, the less cost of the former could not affect plaintiff's right to recover for the character of floor contracted for by defendant and which, as found by the court, was substantially performed. Nor did the court err in overruling defendant's objection to a question put to the witness Austin, where he was asked if he, as superintendent or architect, would have issued a certificate at the end of the job where he had permitted marble to go in without objection made at the time, to which he replied: "I can't imagine such a condition." Even if this were error, the answer could not have prejudiced the defendant, for the reason that the contract provided that "the architects shall have the right to reject any defective material or workmanship; or should they deem it advisable (owing to lack of time to replace, or other reasons) to accept such defective workmanship or material, a proper deduction is to be made therefor from the contract price." Nor, conceding the question as to "how many square feet of such tile were sorted out," was immaterial, as it no doubt was, the answer was not prejudical.

[6] Complaint also is made that the court erred in applying the proper rule for the measure of damages, in support of which it quotes the testimony of its witness, John C. Austin, to the effect that in order to make the work comply strictly with the specifications it would be necessary to re-

move and reconstruct the whole work, which would cost $50,000. Not only was this evidence contradicted by testimony offered on the part of plaintiff, but, as will be seen from the authorities cited upon the subject of what constitutes substantial compliance with a contract, the law does not contemplate that the owner shall be compensated in damages for the removal and reconstruction of the work where the work as completed constitutes a substantial compliance with the contract. As we have seen, the court upon sufficient evidence found that the contractor in doing the work acted in good faith and performed it substantially in conformity to the plans and specifications; that while there were some defects and imperfections by reason of which the value of the work was diminished, they were not pervasive, and defendant could be recouped therefor by an allowance of damages.

An examination of the record discloses no other errors which we deem it necessary to consider.

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 7, 1920.

All the Justices concurred.