[Civ. No. 3983. Third Appellate District.—January 27, 1930.]

HARRY F. ZACHARY et al., Appellants, v. ARTHUR E. T. CHAPMAN, Respondent.

Courtney A. Teel and Sparling & Teel for Appellants.

Arthur E. T. Chapman, *in pro. per.*, and Albert Sidney Brown for Respondent.

BURROUGHS, J., *pro tem.*—This is an appeal by the plaintiffs from a judgment in favor of the defendant Chapman. The appeal is taken upon the judgment-roll alone. Two causes of action are stated in the complaint. The first is to foreclose a mechanic's lien; the second is in *quantum meruit*. In the first count it is alleged that the plaintiffs and defendant Chapman entered into a contract by the terms of which, for a consideration of $247 to be paid to them by the defendant, the plaintiffs agreed to furnish, lay, scrape, sand and finish complete, the hardwood flooring in a residence then being erected for the defendant. It is further alleged that plaintiffs have fully performed all of

the terms and conditions of said contract to be performed by them, but that the defendant has failed and refused to pay said sum of $247, or any part thereof. The second count of the complaint alleges the reasonable value of said materials and labor to be the same in amount as the contract price. The answer of the defendant Chapman admits the making of the contract, and also admits the nonpayment of the contract price, or any portion thereof. The answer further alleges that the contract provided that plaintiffs were to furnish the best grade of plain white oak flooring, and that the work of scraping, sanding and finishing complete, said hardwood flooring, would be of the highest grade, and of first-class workmanship; and denies that the plaintiffs furnished the best grade of flooring; and alleges that over the protest of the defendant, plaintiffs furnished a very inferior grade of flooring and installed it in the house, and that the work was done in a very poor manner, and not in conformity or in accordance with said agreement. It is further alleged in said answer that in laying said floor, plaintiffs damaged the premises and property in said house, which they had agreed should not be done, and that said damage consisted of punching holes in the sanitas cloth and plaster that was on the walls, and in defacing the baseboards in the rooms at various places, and in the improper installation of a threshold which permitted the collection of water and dampness, and thereby ruined a large front door.

Defendant denies the allegations of the second count of the complaint, and by way of a counterclaim for damages alleges, in detail, a total damage to the building through the fault of the plaintiffs in performing said work in the sum of $449. Defendant further alleges that in laying and finishing said flooring, that it was not properly fitted and joined and scraped, and on account thereof there were wide cracks and pieces chipped or knocked off the ends of the flooring where they joined, requiring a great deal of filling to be inserted, which is of a temporary nature, and that the floor is uneven and wavy; that in the construction of the other portions of the building defendant used the very highest grade of material obtainable, and that the low grade of flooring and poor workmanship used by the plaintiffs in

laying and finishing the floor, detract from the general appearance of the building.

The court found the making of the contract as pleaded by the defendant, and that defendant has not paid the amount claimed to be due thereunder. The court also found the foregoing allegations of defendant's answer to be true.

It is claimed by the appellants that the findings are not supported by the pleadings, that plaintiffs did not substantially perform the contract, and that the defendant was entitled to have the material and workmanship provided for in said contract, and the contract itself substantially performed. We are of the opinion that the answer does plead the failure of plaintiffs to comply with the terms of the contract. It is alleged that over the protest and objection of the defendant the plaintiffs installed an inferior grade of flooring; that the work was also of a poor class; that the ends of the pieces of flooring were broken off, and wide cracks were left in the floor; that said broken places and cracks were patched with a filler which would not be durable; and that the floor is wavy and does not conform to the high-grade material and workmanship employed in the construction of the other portions of the house. These allegations were found by the court to be true, and are sufficient to sustain the judgment.

It is also claimed by the appellants that under the second count of the complaint the court should have found the reasonable value of the material furnished and labor done, and whatever damage, if any, was suffered by the defendant should have been deducted therefrom. This is answered by the finding that the material and labor were furnished and performed under the contract. In *Perry et al.* v. *Quackenbush*, 105 Cal. 299 [38 Pac. 740, 742], it is said: "Since the rule as to what shall constitute performance has become so indefinite, it is an important consideration, in determining whether there has been a substantial performance, that the deviations are so slight that they might have been made by one who was honestly endeavoring to comply with his contract. Good faith, however, on the part of the contractor is not enough. The owner has a right to a structure in all essential particulars such as he has contracted for, and to authorize a court or jury to find that there has been a

substantial performance, it must be found that he has such a structure.'' In the light of this decision, it seems unnecessary to cite additional authority, or discuss the question further. The answer to the complaint is broad enough to sustain the findings of the court that plaintiffs did not substantially perform the contract, and the findings sustain the judgment.

█ Appellants also complain that the trial court erred in not finding the specific amount of damage suffered by the defendant. Appellants not having substantially performed the contract, that question becomes immaterial.

The judgment is affirmed.

Finch, P. J., and Plummer, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 26, 1030, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 27, 1930.

All the Justices concurred.