ROBERTS, RESPONDENT, *v.* SINNOTT, APPELLANT.

(No. 3,739.)

(Submitted December 3, 1918.  Decided December 16, 1918.)

[177 Pac. 252.]

*Building Contracts—Change of Plans—Extra Work—Substantial Performance—Pleading — Causes of Action—Numbering —Theory of Case—Evidence—Appeal and Error—Conflict in Evidence.*

Pleading—Causes of Action—Failure to Separately State and Number—Remedy.
1.  Where several causes of action are not separately stated and numbered, as required by Revised Codes, section 6533, the remedy is not by demurrer, but *by motion to make definite and certain.*

Building Contracts—Extra Work—Oral Agreement Modifying Written Contract.
2.  Notwithstanding a provision in a building contract that no charges for extra work or for change of material would be allowed unless in

writing and accepted, the parties to such a contract may make subsequent independent oral agreements, which, when executed, have the effect of modifying the original contract.

Same—Substantial Performance—Burden of Proof.

3. Plaintiff has the burden of proving the expense of supplying omissions in the performance of a building contract he sues upon, if he alleges substantial performance, or where he alleges full performance and his evidence establishes substantial performance only.

Same—Substantial Performance—Effect.

4. Where plaintiff pleads and tenders evidence to prove complete performance, he will not be dismissed from court merely because the evidence in its entirety warrants a finding of substantial performance only, if there is evidence offered by either party from which the cost of supplying the omissions can be determined.

Same—Appeal—Theory of Case.

5. On appeal a party is bound by the theory upon which he tried his case in the district court.

Same—Substantial Performance—Jury Question.

6. Whether plaintiff substantially performed a building contract was a question for determination by the jury.

Same—Defective Work—Compliance With Plans—Effect.

7. Where the roof on a dwelling was constructed by plaintiff according to plans which were satisfactory to defendant, the latter could not claim damages because it leaked.

[As to measure of damages for defective work under building contract, see note in Ann. Cas. 1913B, 781.]

Same—Remedying Defect—Evidence—Admissibility.

8. In the absence of evidence that the reasonable value of a new roof covering did not exceed a covering laid by plaintiff according to plans and specifications, evidence as to the amount paid by defendant for the new work was properly excluded.

Appeal—Correct Ruling—Wrong Reason.

9. Where a ruling of the district court in the exclusion of evidence was right, the fact that the reason for it was erroneous is immaterial.

Same—Instructions—Presumptions.

10. In the absence of anything to indicate the contrary, it will be assumed on appeal that the jury observed the instructions of the trial court.

Same—Conflict in Evidence—Affirmance of Judgment.

11. With a verdict rendered on substantially conflicting evidence and which has the indorsement of the trial judge as evidenced by his refusal to grant retrial, the supreme court will not interfere.

*Appeal from District Court, Jefferson County, in the Fifth Judicial District; John B. McClernan, a Judge of the Second District, Presiding.*

ACTION by Paul P. Roberts against Clarence C. Sinnott, judgment for plaintiff, and from it and an order denying his motion for a new trial, defendant appeals. Affirmed.

*Messrs. Day & Mapes,* for Appellant, submitted a brief; *Mr. E. C. Day* argued the cause orally.

*Messrs. J. E.* and *D. M. Kelly,* for Respondent, submitted an original and a supplemental brief; *Mr. D. M. Kelly* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

Plaintiff contracted in writing to furnish certain materials and perform the work necessary for the erection of a dwelling-house for defendant for the sum of $4,727. This action was instituted to recover a balance alleged to be due and to foreclose a mechanic's lien. Upon the trial plaintiff abandoned his claim for a lien, and the cause then proceeded as an ordinary action at law, resulting in a verdict in favor of the plaintiff for $500. Defendant appealed from the judgment entered on the verdict, and from an order denying his motion for a new trial.

The plaintiff counts upon the original agreement and each of twenty-five oral contracts supplemental thereto, but failed to separately state or number his several causes of action. A demurrer for ambiguity and uncertainty was overruled. When plaintiff sought to prove the work done and material furnished under each of the supplemental agreements, an objection was interposed but overruled, and error is predicated upon the ruling.

The original contract contains this stipulation: "No charges for extra work will be allowed unless same be ordered in writing by the owner, price stated in the order and accepted by the contractor and owner, signed in duplicate, and the same applies to any change of material used." Appellant insists that by overruling the demurrer the trial court must have held that the complaint states but a single cause of action, and upon that theory his objection to the testimony should have been sustained. If the premise were correct, the conclusion might follow, but appellant is in error in the construction which he places upon

[1] the action of the court. The complaint is open to criticism in that the several causes of action are not separately stated and numbered, as required by section 6533, Revised Codes, but defendant did not invoke an available remedy. Section. 6534, Revised Codes, enumerates the grounds of demurrer, and the failure to separately state and number the causes of action joined in a complaint is not one of them. The defect can be reached only by motion. (*Marcellus* v. *Wright*, 51 Mont. 559, 154 Pac. 714.)

The provision of the contract above was manifestly intended for the protection and benefit of the owner, and no reason can be suggested why it might not be waived. The authorities are [2] quite uniform in holding that, notwithstanding such a provision, the parties may make subsequent independent oral agreements which, when executed, have the effect of modifying the original contract, and the rule has been recognized in this jurisdiction. (*Wortman* v. *Kleinschmidt*, 12 Mont. 316, 30 Pac. 280; *Piper* v. *Murray*, 43 Mont. 230, 115 Pac. 669; *Interstate Lumber Co.* v. *Western M. & W. T. Co.*, 51 Mont. 190, 149 Pac. 975.)

Appellant insists that plaintiff cannot recover at all except upon showing performance of the contract in its entirety, and if this reference is to the original contract as modified by the subsequent oral agreements, the correctness of the position is not open to argument. (*Riddell* v. *Peck-Williamson etc. Co.*, 27 Mont. 44, 69 Pac. 241.) Plaintiff alleges that he fully kept and performed the agreement in all things by him to be kept and performed, and tendered evidence in support of his plea. It is true that defendant introduced evidence tending to prove substantial defects in material and workmanship, but the most that can be said of this is that it presented an issue for the jury. Under our Code practice, which requires a party to set forth the facts constituting the basis for any affirmative relief sought, [3] it is the rule that if plaintiff alleges substantial performance of his contract, as distinguished from complete performance, he has the burden of alleging and proving the expense of

supplying the omission (*Spence* v. *Ham*, 163 N. Y. 220, 51 L. R. A. 238, 57 N. E. 412), or if he alleges full performance and his evidence establishes substantial performance only, the same burden of proof is imposed upon him; but it is equally true [4] that if he pleads complete performance and tenders evidence to support the plea, he will not be dismissed from court merely because the evidence in its entirety warrants a finding of substantial performance only, if there is evidence offered by either party from which the cost of supplying the omissions can be determined. (*Rowe* v. *Gerry*, 112 App. Div. 358, 98 N. Y. Supp. 380; affirmed, 188 N. Y. 625, 81 N. E. 1175.)

At the request of the defendant the court gave instruction No. 5, which, after referring to the character of the action, proceeds: "The burden of proof is upon the plaintiff to show that he performed the contract for the construction of said building and the doing of the extra work in a good and workmanlike manner. The law requires substantial performance of the contract. By the term 'substantial performance' is meant that the work as done is free from all defects of a permanent character or such as cannot be remedied by slight alterations or without reconstruction. If you believe from the evidence that the building has not been constructed in such a substantial manner but that it contains defects which cannot be remedied without reconstruction, then the plaintiff is not entitled to recover in this action, and you will find the issues against him."

Counsel for appellant err in assuming that plaintiff concedes that he failed to perform the contract in substantial particulars. As we read the record, he does not ground his right to recover even upon substantial performance, but insists that he fully performed the original contract as modified by the subsequent [5] agreements. The doctrine of substantial performance was introduced by the defendant himself, and it ill becomes him now to urge that the pleadings do not authorize the application of the doctrine. He is bound by the theory upon which the case was tried in the lower court. Whether there was in fact substantial [6] performance in this instance was a question for

determination by the jury under the instruction above. (*Waite* v. *Shoemaker,* 50 Mont. 264, 146 Pac. 736.)

The contention of defendant that the court erred in refusing his offered instruction No. 14 was determined adversely to him upon the former hearing in this case. (*Roberts* v. *Sinnott,* 54 Mont. 114, 123, 169 Pac. 49.)

Defendant offered testimony to the effect that the roof of the **[7]** house as constructed by plaintiff leaked, and that it was necessary to have the shingles removed and a new covering laid. It is not seriously controverted that plaintiff constructed the roof according to the plans and specifications which formed a part of the contract, and that the defects resulted from faulty plans rather than from defective material or workmanship. It is true that the plans were prepared by the plaintiff, but he sought unsuccessfully to show that the defects in the plan of the roof resulted from defendant's insistence that the roof should have less pitch than plaintiff suggested. Defendant makes no complaint of the plans. Apparently they were entirely satisfactory to him at the time the contract was entered into. In any event, they were agreed to by the parties, and defendant cannot be heard to say that he should recoup for damages because the roof, though constructed according to contract, was not effective for the purpose intended. It is not the province of courts to make new contracts for parties.

The evidence discloses that the new roof is materially different **[8]** from the one called for by the plans and specifications, and, in the absence of some evidence that the reasonable value of the work and material which went into the new roof did not exceed the cost of a roof covering laid according to the plans and specifications, the evidence as to the amount paid for the **[9]** new work was properly excluded, and since the ruling was right, the fact—if it be a fact—that the reason for it was erroneous is not material. Even if the defects in the roof resulted from defective material or poor workmanship, defendant cannot cure the defects by the construction of a roof differing materially from the one called for by the plans and specifications

and charge the entire expense, whatever it might be, to plaintiff, for, if he could, his modesty in this instance is commendable. He might as well have had his building covered with slate or copper.

We must assume that the jury observed the instructions, in [10] the absence of anything to indicate the contrary. It is probable that an allowance by way of compensation was made to defendant for defects appearing in the work, but, if so, the jury must have found that the lapses from the strict letter of the contract were unintentional, and were minor in character; and there was some evidence from which the cost of remedying such defects might be ascertained.

The cause seems to have been tried fairly. There is a sub- [11] stantial conflict in the evidence, but it cannot be said that plaintiff's case is so inherently weak that it ought not to have been submitted to the jury. It is a wholesale rule which requires this court to sustain a verdict if there is evidence, apparently credible, to support it. The rule is grounded in reason. The jurors have the advantage, denied to this court, of seeing the witnesses on the stand, hearing them testify, and observing their demeanor under examination. They are to be deemed more competent, therefore, to pass upon questions of credibility and the weight to be given to the testimony. This court will not assume to say that the jurors ought to have believed evidence against their own convictions as to the truth. The verdict in this case has the sanction of the jury and also the indorsement of the judge who presided at the trial and who enjoyed the same advantage of seeing and hearing the witnesses. The fact that the printed record appears to the members of this court to indicate that defendant should have prevailed does not of itself require or justify a reversal.

The judgment and order are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE PIGOTT concur.