HERMAN, Respondent, *v.* HERMAN, et al., Appellants.

No. 8861

Submitted May 11, 1949. Decided June 30, 1949.

207 Pac. (2d) 1155

40

Messrs. Lloyd I. Wallace, L. L. Evans and F. N. Hamman, all of Polson, for appellants. Mr. Hamman argued the cause orally.

Messrs. Ralph L. Arnold and Leon L. Bulen, both of Missoula, for respondents. Mr. Bulen argued the cause orally.

MR. JUSTICE ANGSTMAN:

Plaintiff brought this action to compel defendants, L. G. Herman and wife, to convey certain described real estate to him pursuant to an oral agreement for purchase and sale, and to have it adjudicated that defendants DeLong and Macho have no right, title or interest therein and for damages against defendants Hermans in the sum of $1,500 alleged to have been sustained because of their failure to deliver a deed to the property. The damages claimed are $500 paid on the purchase price, and $1,000 as the value of work and labor and improvements made on the property.

The complaint charges that an oral agreement was consummated between plaintiff and his nephew, the defendant L. G. Herman, on January 14, 1939, whereby the latter and his wife agreed to sell and convey the land in question to him for the consideration of $1,200; that $500 was paid on that day and the balance was agreed orally to be paid on July 1, 1939; that the agreement was subsequently modified so that the balance of $700 should become "due and payable on demand of the said defendant Herman;" that the consideration for the modification as to time of payment was that plaintiff would improve the property by clearing it and constructing fences thereon; that plaintiff entered into possession of the property on January 14, 1939, and continued in possession thereof and made valuable improvements thereon; that defendants Hermans at no time demanded payment of the $700 due under the contract; that in March 1945 and without demand therefor plaintiff offered to pay the bal-

ance due on the contract and tendered the same to defendants Hermans and demanded a deed but they refused the offer and failed and refused to give a deed.

The answer of defendants Hermans denies that plaintiff entered into possession of the property; denies that there was any extension of time for the payment of the $700 and denies that the agreement between plaintiff and them was oral and that plaintiff suffered any damages.

The evidence shows that after preliminary oral negotiations between plaintiff and defendant L. G. Herman they met at the First State Bank in Thompson Falls on January 14, 1939, and executed an escrow receipt which was signed by the bank and approved in writing by plaintiff and defendant L. G. Herman.

The escrow receipt recites that the bank as escrow agent has received from L. G. Herman and his wife a warranty deed to George Herman covering the land involved and that it agreed to hold it and deliver it to George Herman "upon the payment of $700 which said $700 is to be paid to the escrow agent herein on or before July 1st, 1939."

The escrow receipt also recited: "In case default is made in the payment above mentioned when due, the said escrow agent herein is authorized to deliver and return the papers herein held to the said L. G. Herman."

It also contained this paragraph: "Time is and shall be insofar as the Escrow Agent is concerned of the essence of this agreement and part of the consideration, and a waiver in one instance as to a time condition shall not operate to prevent an objection for any subsequent default in point of time."

It was conceded that plaintiff paid $500 down at the time the escrow receipt was executed. His evidence shows that he cut trees on the land and picked and hauled rocks from it, all for the purpose of preparing the land for purposes of agriculture. There were no buildings on the land and neither plaintiff nor defendants Hermans lived on it. Plaintiff lived in Thompson Falls and defendant L. G. Herman at Camas Hot Springs. The land in question is located near Thompson Falls.

Plaintiff failed to pay the $700 or any part of it on July 1, 1939, and the bank shortly thereafter returned the deed and escrow receipt to L. G. Herman.

The taxes were not paid on the land from 1939 on until the defendants Hermans sold the land to defendants DeLong and Macho, at which time defendant L. G. Herman paid all the back taxes.

Plaintiff testified over objection that defendant L. G. Herman extended the time for payment of the $700 by telling him he could have all the time he needed. This was denied by defendant L. G. Herman. Defendants Hermans also moved that this evidence be stricken as varying the terms of a written instrument by parol evidence.

The court found that after the execution of the escrow receipt the defendants Hermans in consideration that plaintiff would improve the lands, agreed orally to extend the time of payment of the balance owing on the purchase price and agreed that plaintiff could have all the time he wanted to pay the balance; that plaintiff performed work in improving the property prior to January 1, 1945, of the value of $500, and that the value of the improvements as a result of the labor was $500.00; that defendants Hermans made no demand upon plaintiff for payment of the balance due under the escrow agreement and gave no notice of cancellation of the contract; on January 18, 1945, defendants Hermans sold the land to the other defendants for $1,000, and the latter took possession; that this sale was without the consent or knowledge of plaintiff; that in March 1945, plaintiff offered to pay the balance due under the contract but defendants Hermans refused to accept it.

As conclusions the court found that defendants DeLong and Macho are entitled to a judgment quieting title in them since they bought without knowledge of plaintiff's rights; that plaintiff is entitled to judgment against defendants Hermans for $500 with interest from January 18, 1939, and for $500 (being the value of the work performed by plaintiff upon the property) with interest from January 14, 1945.

Judgment was entered for $1,000 without reference to interest. The appeal is from the judgment by the defendants Hermans only.

The first point raised by appellants is that the court erred in receiving oral evidence of the extension of time for the payment of the balance of $700 since it varies the written instrument. This contention is meritorious. The rule is statutory that when the terms of an agreement have been reduced to writing it is to be considered as containing all those terms and there can be no evidence of the terms of the agreement other than the contents of the writing itself. Sec. 10517, R. C. M. 1935. There are exceptions named in the statute but this case is not within either of the exceptions named.

Likewise, section 7569, R. C. M. 1935, specifically provides: ''A contract in writing may be altered by a contract in writing, or by an executed oral agreement, and not otherwise.''

There is no basis for a contention here and none is made that the oral extension was an executed oral agreement.

Plaintiff seeks to avoid these statutory provisions by contending that there was no written agreement between the parties. With this we do not agree. The contract relates to a subject matter which by the Statute of Frauds must be in writing. Sec. 10613, R. C. M. 1935. That part which specified when the balance due should be paid was certainly in writing. It was stated in the escrow agreement exactly when the $700 should be paid. That agreement was approved in writing by plaintiff and defendant L. G. Herman. The court erred in finding that there was an extension of time for the payment of the $700 due under the contract. There is no competent evidence in the record to sustain this finding.

The only remaining question is what should the court have done in the case where, as here, plaintiff is and has been in default for several years but where no demand was made for payment and no notice given of cancellation of the contract. Must plaintiff forfeit the $500 which he paid or if not, what result should follow? It should be noted in this connection that the

escrow agreement did not by its express terms make time of the essence of the contract so far as plaintiff was concerned. And time is never considered of the essence of a contract unless expressly provided by its terms. Sec. 7549, R. C. M. 1935. The agreement did not by its express terms state what should become of the $500 already paid in case the balance was not paid on or before July 1, 1939.

Section 8658, R. C. M. 1935, provides: "Whenever, by the terms of an obligation, a party thereto incurs a forfeiture, or a loss in the nature of a forfeiture, by reason of his failure to comply with its provisions, he may be relieved therefrom, upon making full compensation to the other party, except in case of a grossly negligent, wilful, or fraudulent breach of duty."

Under this section a party is relieved of a forfeiture if he presents facts appealing to the conscience of a court of equity. Fontaine v. Lyng, 61 Mont. 590, 202 Pac. 1112; Cook-Reynolds Co. v. Chipman, 47 Mont. 289, 133 Pac. 694; Estabrook v. Sonstelie, 86 Mont. 435, 284 Pac. 147; Williams v. Hefner, 89 Mont. 361, 297 Pac. 492.

We cannot say that under the facts of this case the court erred in holding that plaintiff should have returned to him the $500 which he gave as a down payment.

We do not agree however that plaintiff should have judgment for the value of his services. The evidence shows that plaintiff used the wood which he cut on the land and we think this use offset the value of the work performed by him.

The judgment is modified by reducing the award to plaintiff in the sum of $500 and as thus modified will stand affirmed. Each party will pay his own costs on the appeal.

Mr. Chief Justice Adair and Associate Justices Freebourn, Metcalf and Bottomly, concur.