No. 13064

IN THE SUPREME COURT OF THE STATE OF MONTANA

1976

---

R. P. MATZINGER, d/b/a MATZINGER ELECTRIC,

Plaintiff and Appellant,

-vs-

REMCO, INC., a Utah Corporation,

Defendant and Respondent.

---

Appeal from:  District Court of the Eighteenth Judicial District,
Honorable W. W. Lessley, Judge presiding.

Counsel of Record:

For Appellant:

Landoe and Gary, Bozeman, Montana
Joseph B. Gary argued, Bozeman, Montana

For Respondent:

Berg, Angel, Andriolo and Morgan, Bozeman, Montana
Charles F. Angel argued, Bozeman, Montana
Carl T. Smith, Ogden, Utah

---

Submitted:  March 1, 1976

Decided: 

Filed:

_Thomas J. Kearney_
Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This appeal is from a judgment entered by the district court, Gallatin County, sitting without a jury.

Remco Inc., and Matzinger Electric entered into a written subcontract agreement providing Matzinger was to furnish necessary materials and labor for a sixty-one unit apartment complex and laundry building, known as the "Village Apartments" being constructed by Remco in Bozeman, Montana. The price for the work by Matzinger pursuant to this subcontract was $46,000. Final payment was to be made 30 days after completion of the project. This contract was signed by the parties on January 15, 1973 and work started shortly thereafter.

The project was completed for final inspection by October 1, 1973. As of January 1, 1974 Remco had paid Matzinger $41,440. On January 3, 1974 Matzinger filed a mechanic's lien on the apartment complex for $23,538.27 claimed due for the balance owed under the subcontract plus extras and modifications claimed to have been ordered by Remco's personnel. This lien was released in May, 1974 after Remco paid Matzinger the sum of $4,560 the balance owed under the subcontract and placed an additional $11,400 in escrow with a local title company pending the outcome of litigation of this matter.

Matzinger claims he is entitled to payment for extra work performed for Remco not contemplated by the parties at the time the contract was signed. This claim includes work allegedly authorized by Thomas Haggerty, Remco's job superintendent in Bozeman, and by Robert Richins, project superintendent, who commuted to the Bozeman site from Remco's Salt Lake City headquarters one or two

days each week during construction.

Specifically Matzinger claimed extra compensation due for these items:

1) Installation of weatherproof outlets on apartment building;

2) Air conditioner outlet installation;

3) Temporary lights installed for night watchmen after a fire at project during construction;

4) Hook-up of water well pump for use during construction and for repair of boilers;

5) Wiring for electric sign in front of project;

6) Installation of ground lights in area;

7) Furnishing hoods for kitchen ranges in each apartment;

8) Wiring of outlets for soft drink dispensers;

9) Wiring of swimming pool building not included in original plan;

10) Pool furnace and venting system wiring;

11) Grounding system for pool;

12) Installation of additional outlets beyond those contemplated in the contract in order to comply with local and national electrical code standards;

13) Installation of additional phone conduit omitted from the original plans and specifications;

14) Lowering of bathroom overhead fixtures and fans after installation upon discovery plumbers were unable to install plumbing according to plans;

15) Move of main electrical service from the exterior of building after installation to an interior closet to accommodate Montana Power Company plan alteration regarding location of power

transformer pad; and

16) Miscellaneous items not covered by contract and done by Matzinger at request of Remco's supervisory personnel. These extra items total a claimed amount of $13,181.71, in addition to the amount due under the contract.

A letter was sent to Matzinger by Richins, the project superintendent, on January 4, 1974, discussing the claim and noting Remco's willingness to pay the amount claimed for a majority of the items. Remco's position in the letter was that relocation of the electrical service panel and movement of bathroom ceiling fixtures was necessitated by Matzinger's failure to coordinate his work with the other subcontractors. The letter also indicated Remco's opinion that any extra expense incurred in installation of telephones was covered by the contract and must be borne by Matzinger. Remco's agent stated he would require additional information regarding the expenses of wiring and grounding the pool and pool building before any claims for such work would be allowed. In total, Remco conceded it would pay $5,485.25 plus whatever was determined to be equitable for work done on the pool, in return for the release of the mechanic's lien.

The district court found Matzinger was entitled to the $1,245 claimed for installation of the air-conditioner outlets and to $847 for the weatherproof outlets. The court held all other claims were covered by the original contract between the parties. The court also disallowed Matzinger recovery of any attorney fees for recovery on the mechanic's lien. Matzinger's recovery was also reduced by $1173.75, the amount the district court found to be due as an allowance on light fixtures to Remco. Matzinger appealed.

The primary issue is: Whether a written contract such as was entered into between the parties here, may be amended or modified by oral agreement?

Section 13-907, R.C.M. 1947, provides:

"A contract in writing may be altered by a contract in writing, or by an executed oral agreement, and not otherwise."

Section 13-727, R.C.M. 1947, defines an executed contract:

"An executed contract is one, the object of which is fully performed. All others are executory."

The parties agree the work for which extra compensation is sought was performed as claimed by Matzinger. This work was done for the benefit of Remco and enhanced the value of the finished apartment complex. The disagreement between the parties is in regard to compensation for this extra work. This Court in Dalakow v. Geery, 132 Mont. 457, 464, 465, 318 P.2d 253, summarized the law in Montana and said:

"Roberts v. Sinnott, 55 Mont. 369, 177 Pac. 252, is strikingly similar to the present case.

"That case involved a written contract to furnish certain materials and perform the work necessary for the erection of a dwelling. The plaintiff-contractor brought action upon the original agreement and each of twenty-five oral contracts supplemental thereto. The original contract contained a stipulation that no charges for extra work would be allowed unless ordered in writing, so the defendant contended there could be no recovery on the oral agreements. But this court * * * said:

"'The provision of the contract above was manifestly intended for the protection and benefit of the owner, and no reason can be suggested why it might not be waived. The authorities are quite uniform in holding that, notwithstanding such a provision, the parties may make subsequent independent oral agreements which, when executed, have the effect of modifying the original contract, and the rule has been recognized in this jurisdiction.'

"In Roberts v. Sinnott, supra, it will be noted that defendant did not in effect execute his part of the agreement, i.e. payment. This court however did not deny that an oral modification had been effected merely because of that fact.

" * * *

- 5 -

"'* * * in cases where there is adequate consideration for the oral modification and the party relying thereon has fully performed, the written contract will be enforced as modified whether or not the other party has fully performed on his part. * * *.'"

See: Gramm v. Insurance Unlimited, 141 Mont. 456, 378 P.2d 662;

Jenson v. Olson, 144 Mont. 224, 395 P.2d 465; Webber v. Killorn,

66 Mont. 130, 212 P. 852.

In drafting the subcontract, Remco chose to insert the provision: "CONTRACT TO INCLUDE THE FOLLOWING BUT NOT LIMITED TO:" This language, when viewed in light of the district court finding of the existence of some oral changes and additions to the contract, requires a finding of the existence of oral modifications to the subcontract. Matzinger is entitled to recovery for work performed pursuant to such modifications and must not be barred from receiving just compensation.

Having determined Matzinger is entitled to enforce the contract as modified by the oral change orders and requests for additions by Remco's personnel, the next problem to determine is the amount of compensation due under the modified contract. The letter written by Mr. Richins, the supervisor and agent of Remco, is useful in this regard. The district court admitted the letter in evidence, subject to Remco's objection on the ground it constituted an offer of compromise, rather than an admission of a fact. 4 Wigmore, Evidence, §1061, p. 33 (Chadbourn rev. 1972), notes:

"Whether an offer to settle a claim by a partial or complete payment amounts to an admission of the truth of the facts on which the claim is based, and is therefore receivable in evidence, is a question which has given rise to prolonged discussion and to varied but often unsatisfactory attempts at explanation.

"The solution is a simple one in its principle, though elusive and indefinite in its application; it is merely this, that a concession which is hypothetical or conditional only can never be interpreted as an assertion representing the party's actual belief, and therefore cannot be an

admission; and conversely, an unconditional assertion is receivable, without any regard to the circumstances which accompany it."

See: Continental Oil Co. v. Bell, 94 Mont. 123, 21 P.2d 65;

Magelssen v. Atwell, 152 Mont. 409, 451 P.2d 103.

A review of Richins' letter to Matzinger shows no denial of liability and no argument as to whether the work was performed on a majority of the items claimed. In fact, most of the items are acknowledged as valid and the amount billed is accepted as fair. Those items for which payment was denied by Remco may have been covered by the original contract, as asserted.

Resolution of the question of validity of the various claims for which Remco accepted no liability because it alleges they are covered by the contract is left to the district court at a rehearing of the matter. From a review of the record, this Court cannot determine (1) to what extent the district court considered the letter, and (2) what evidence was considered in the district court finding that all items claimed were covered by the contract. Additionally, the bill for the pool building wiring requires a final review for determination of the fairness and acceptability of Matzinger's claim.

Finally, the district court denied Matzinger any recovery of attorney fees in prosecution of his mechanic's lien foreclosure. Section 93-8614, R.C.M. 1947, provides:

> "In an action to foreclose any of the liens provided for by sections 45-501 and 45-512 and sections 45-1001 to 45-1003, the court must allow as costs the money paid for filing and recording the lien, and a reasonable attorney's fee in the district and supreme courts * * *." (Emphasis added.)

Under the mandatory language of this statute and this Court's determination as to the merits of Matzinger's claim under the oral

modifications,he is entitled to recover the reasonable attorney fees incurred in the course of this litigation as he received an affirmative judgment.

This case is remanded to the district court for a new trial in conformity with this Opinion.

_____
Justice

We Concur:

_____

_____

_____
Justices.

_____
Hon. Robert Boyd, District Judge,
sitting for Chief Justice James
T. Harrison.