MR. JUSTICE SHEEHY,
dissenting:
I dissent.
The opinions issuing from this Court get “curiouser and curiouser.” For example, Vranish cross-appealed in this *47 case. You will read the majority opinion in vain to discover that. Winkel raised four issues on his appeal from the District Court’s amended judgment. The majority fails to mention what they are or discuss them. I am not going to discuss them in dissent because I think Winkel is entitled to a rehearing in this case. If I should discuss them, it might be concluded that the majority had considered Winkel’s issues so as to deny rehearing under Rule 34, M.R.App.Civ.P. I will discuss them in depth if this Court denies rehearing.
I will, however, discuss the single ground on which the majority set aside the jury verdict, the holding that Winkel cannot recover because his claim is based on an oral amendment of a written contract.
This is not a case of an oral amendment to a written contract. The only written contract in this case arises from a letter dated February 15, 1977, from a Dr. Quaas, writing on behalf of Vranish. Under that agreement, Winkel would work for a set salary, and after one year he would enter into a partnership including Winkel, Vranish and Quaas. Winkel, under the letter, would be employed by Vranish. This agreement for eventual partnership was never carried out.
Instead, Winkel came to work for Vranish on July 1, 1977. On August 1, 1977, Vranish incorporated himself into Family Health Care, and from that date on Winkel worked for the corporation and not for Vranish. Quaas left the group in November of 1977 (he also was an employee of the corporation when he left). When the February 15, 1977, letter for partnership was written, Vranish owned the building he practiced in and charged no rent to himself. At the time of the incorporation, he transferred the building to his wife, who charged the corporation rental prospectively and retrospectively. Before August 1, 1977, any profit produced by Winkel over his salary went to Vranish personally. After August 1, 1977, such profit from Winkel’s production went to the professional corporation.
It defies common sense, and the law as I understand it, to hold that an implied contract of employment by a new en *48 tity is merely an oral amendment of a written contract of employment by a former completely different entity. Vranish is a legal entity; his professional corporation is legally a completely separate legal entity. When Vranish ceased to hire Winkel personally, the written contract under the partnership letter expired. When Winkel’s employment transferred to the corporation, he began a new employment experience with a new employer. Winkel’s employment by Vranish cannot be integrated with his employment by the corporation, so as to consider his new employment simply an oral amendment of a former written contract. The parties are not the same. After August 1, 1977, Winkel was working under a completely different contract, an oral contract based on new promises. Vranish was not his employer, but a co-employee of the same corporation. Winkel’s cause of action on a contract basis in this action is against the corporation and not against Vranish.
Here, the jury decided that Winkel was deprived of a share of the corporation’s profits due him under his oral contract of employment by the corporation. The majority brush aside that decision by an incorrect conception of the issues here. I would at the least reinstate the jury verdict against the corporation.
The facts of this case show a valid oral abrogation of a written contract and the substitution of an enforceable oral contract. We should follow the lead of California in such case and ignore the provisions of section 28-2-1602, MCA, that a written contract may be altered only by a contract in writing as not applicable. See, Pearsall v. Henry (1908), 153 Cal. 314, 325, 95 P. 154, 157; Klein Norton Co. v. Cohen (1930), 107 Cal.App. 325, 330, 290 P. 613, 616.
Not thought of, certainly not discussed, by the majority is the true impact of section 28-2-1602, MCA, and its interpretation by this Court is Dalakow v. Geery (1957), 132 Mont. 457, 318 P.2d 253.
Recognize first that section 28-2-1602, MCA, is not a part of the statute of frauds, which we have in statute form in *49 section 28-2-903, MCA. The provision that a written contract may only be altered by another written contract, section 28-2-1602, was “borrowed from the law governing sealed instruments, and now generally relaxed even as to them,” in the words of Williston, who calls it an “unfortunate legislative adoption for written contracts.” 15 Williston on Contracts (3rd Ed.) 495, fn. 6, section 1828.
California, through then Justice Traynor, moved away from a harsh interpretation of its counterpart to section 28-2-1602. The basis of distinction was additional consideration for the oral modification. Here, Winkel took over a large share of the practice when Quaas left the employment of the corporation, a valid consideration. In such case, California held in D. L. Godbey and Sons Const. Co. v. Deane (1952), 39 Ca.2d 429, 246 P.2d 946:
“Section 1698 of the Civil Code provides: ‘A contract in writing may be altered by a contract in writing, or by an executed oral agreement, and not otherwise.’ . . .
“Section 1698 has a dual operation. On the one hand it invalidates oral contracts of modification that are unexecuted, and on the other hand, it validates executed agreements that might otherwise fail for lack of consideration. . . .
“The situation is different, however, where there is consideration for the oral modification agreement. In such cases the rights and duties of both parties to the written contract are affected, and by performing the contract as modified each party will be in a position to execute the oral agreement on his side. . . Since plaintiff has alleged an adequate consideration for the oral modification and full performance on its part under the terms thereof, it has stated a cause of action.”
This Court followed the lead of the California Godbey case in Dalakow, supra, saying we would interpret section 28-2-1602 as did California since we adopted that statute from California. In Dalakow this Court found that one of the parties to a contract orally agreed to do something he was *50 not bound to do under the written contract, and this sufficed as consideration for an oral modification of the written contract. 132 Mont, at 466-467, 318 P.2d at 258-259. The salutary rule of Dalakow interpreting section 28-2-1602 has by implication been overruled by this decision, without a breath of discussion. Henceforth all written contracts in Montana will be given the force of sealed instruments. I regard that result regressive.